IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CT-3107-F

| | |
|---|---|
| STEPHON L. CRAWFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| JASON COHOON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

On April 29, 2014, Plaintiff, a state inmate proceeding pro se, filed this civil action. Compl. [DE-1]. Plaintiff has requested leave to proceed without prepayment of the full civil filing fee [DE-2]. The matter is now before the undersigned for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B).

In reviewing an *in forma pauperis* application, a court "shall dismiss" any case that is "frivolous or malicious," that "fails to state a claim on which relief can be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not dispense with the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atlantic Com. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal,

556 U.S. 662, 677-80 (2009); Nemet Chevrolet Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255-56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

As an initial matter, Plaintiff has filed a motion to appoint counsel [DE-5]. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Plaintiff's claims are not particularly complex, nor do other exceptional circumstances exist. Furthermore, Plaintiff has demonstrated through his filings that he is capable of proceeding pro se. Therefore, Plaintiff's motion to appoint counsel [DE-5] is DENIED.

Plaintiff challenges a disciplinary conviction and seeks monetary damages as relief. Compl. [DE-1], pp. 3-7. The Supreme Court has held that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (emphasis added); see also Edwards v. Balisok, 520 U.S. 641 (1997); Heck v. Humphrey, 512 U.S. 477 (1994). "A district court must undertake a case specific analysis to determine whether success on the claims would necessarily imply the invalidity of a conviction or sentence." Thigpen v. McDonnell, 273 F. App'x 271, 272 (4th Cir. 2008) (per

2

curiam) (unpublished); see Muhammad v. Close, 540 U.S. 749, 751 (2004) (per curiam) ("Heck's requirement to resort to state litigation and federal habeas before § 1983 is not . . . implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence."). Here, Plaintiff claims violations of his due process rights and challenges the sufficiency of the evidence against him. Compl. [DE-1], pp. 3-7. He also claims Defendants falsified evidence against him. Id. at p. 4. Thus, Plaintiff challenges the validity of his disciplinary convictions. See Edwards, 520 U.S. at 645-47. Because Plaintiff's disciplinary conviction has not been overturned or otherwise invalidated, he cannot proceed with his 1983 claim. See Williams v. Schario, 93 F.3d 527, 529 (8th Cir.1996) (holding that Heck barred claims of false testimony and malicious prosecution, which, if vindicated, would have implied that claimant's criminal conviction was invalid). Plaintiff may challenge his disciplinary conviction in a habeas corpus petition.

For these reasons, Plaintiff's motion to appoint counsel [DE-5] is DENIED and the court DISMISSES Plaintiff's complaint as frivolous. The Clerk of Court is DIRECTED to close the case and to send Plaintiff the necessary forms to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

SO ORDERED. This 10 day of November, 2014.

JAMES C. FOX
Senior United States District Judge